Joel E. Tasca
Nevada Bar No. 14124
Madeleine Coles
Nevada Bar No. 16216
BALLARD SPAHR LLP
1980 Festival Plaza Drive, Suite 900
Las Vegas, Nevada 89135
Telephone: (702) 471-7000
Facsimile:  (702) 471-7070
tasca@ballardspahr.com
colesm@ballardspahr.com

*Attorneys for Defendant Federal
Home Loan Mortgage Corporation*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ELIZABETH ESTRADA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>NEVADA NEW BUILDS, LLC; FEDERAL HOME LOAN MORTGAGE CORPORATION; DOES I through X; and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>　　　　　　　Defendants. | Case No.  2:23-cv-01767-RFB-BNW |

## DEFENDANT FEDERAL HOME LOAN MORTGAGE CORPORATION'S MOTION TO DISMISS PLAINTIFF'S CLAIM AGAINST IT AND FOR ENTRY OF PARTIAL FINAL JUDGMENT UNDER RULE 54(b)

Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") respectfully moves under Rule 12(b)(6) to dismiss with prejudice the sole claim Plaintiff Elizabeth Estrada ("Plaintiff") pleads against Freddie Mac and for entry of a partial final judgment as to that claim under Federal Rule of Civil Procedure 54(b).

### INTRODUCTION

The Court has seen the substance of this dispute before.  Just weeks ago, this Court dismissed a quiet-title action Plaintiff brought against Freddie Mac's servicer, Specialized Loan Servicing ("SLS"), based on the same facts and circumstances at issue

DMWEST #17703735 v1

1  here.[1]  In that action, Plaintiff claimed an earlier judgment that Freddie Mac's lien
2  survived an HOA foreclosure did not bind her because she was a subsequent bona fide
3  purchaser.  The Court rejected Plaintiff's claim as a matter of law and held that
4  Freddie Mac's lien remains a valid encumbrance on Plaintiff's title.

5  Now, in this new lawsuit,  Plaintiff claims Freddie Mac should be held
6  vicariously liable for a purported violation of NRS 14.010, because a prior loan servicer
7  did not record a lis pendens during the pendency of the first quiet-title action (the one
8  to which Plaintiff was not a party).[2]  Plaintiff not only could and should have brought
9  that claim in the case the Court just dismissed—in substance she did, and lost.  In
10 opposing SLS's motion to dismiss, Plaintiff argued that SLS's predecessor defendant,
11 a prior servicer, "violated Nevada law by never recording a lis pendens"—the exact
12 same claim Plaintiff asserts here.  When Plaintiff made that argument, she knew
13 Freddie Mac owned the loan.  As a result, Plaintiff could have pled her claim against
14 Freddie Mac in her prior lawsuit.  Because she didn't, and because Freddie Mac shares
15 a substantial identity of interest with SLS in the context of this case, claim preclusion
16 applies and Plaintiff's claim fails at the threshold.

17 Even if not precluded, the claim would fail as a matter of law because NRS
18 14.010 does not provide for a private cause of action.  Her claim further fails because
19 she cannot plausibly plead injury given that the alleged failure to record a lis pendens
20 occurred three years *after* Plaintiff took title, and because Plaintiff relies on an agency
21 theory that the presence of a judicially noticeable contract flatly refutes.  Accordingly,
22 this Court should dismiss Plaintiff's claim against Freddie Mac with prejudice.

## RELEVANT BACKGROUND

### I. The Property, the Loan, and the HOA Sale

25 In July 2007, Josefina Natera borrowed $216,000 to purchase property at 4910

---

[1] *See Estrada v. Specialized Loan Servicing, LLC, et al.*, No. 2:22-cv-01620 (D. Nev.).
[2] *See Nevada New Builds v. Specialized Loan Servicing*, Case No. A-15-718814-C (Eighth Jud. Dist. Ct.).

BALLARD SPAHR LLP
1980 FESTIVAL PLAZA DRIVE, SUITE 900
LAS VEGAS, NEVADA 89135
(702) 471-7000 FAX (702) 471-7070

Mascaro Drive in Las Vegas (the "Property"), executing a promissory note and a deed of trust pledging the Property as security (the Deed of Trust, and together with the note, the "Loan").[3] The Deed of Trust identified Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary.[4]

In September 2007, Freddie Mac purchased the Loan, thereby acquiring ownership of the Deed of Trust.[5] After that, assignments of the Deed of Trust from MERS to BAC Home Loans Servicing, LP, and from BAC's successor to Ocwen Loan Servicing, LLC ("Ocwen") were recorded.[6]

Natera defaulted on assessments to the Sterling at Silver Springs Homeowners Association ("HOA"), and on May 24, 2013, the HOA foreclosed on its lien and took title ("HOA Foreclosure Sale"). At the time of the HOA Foreclosure Sale, Freddie Mac owned the Loan, and Freddie Mac's servicer Ocwen appeared in the land records as the Deed of Trust Beneficiary.[7] Later, on April 8, 2015, the HOA quitclaimed its interest in the Property to Nevada New Builds, LLC ("NNB").[8]

## II.  Nevada New Build's Quiet Title Action

On May 21, 2015, NNB brought a quiet-title action ("HOA Quiet-Title Action") against the loan servicer at that time, Ocwen.[9] NNB did not record a lis pendens

---

[3] *See* Ex. 1; *see also* Findings of Fact, Conclusions of Law, and Order Granting Specialized Loan Servicing, LLC's Motion for Summary Judgment in the HOA Quiet-Title Action ("HQTA Opinion"), attached as Exhibit 2, at 4.

[4] A true and correct copy of the Deed of Trust, recorded against the Property in the official records of the Clark County Recorder's Office on July 30, 2007 as Instrument Number 20070730-0004165, is attached hereto as Exhibit 1. At the motion to dismiss stage, this Court may consider the pleadings, documents attached to the pleadings, and matters of public record. *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Freddie Mac requests that judicial notice be taken by the Court of publicly available records and documents designated as Exhibit 1–4 within this motion.

[5] *See* Ex. 2, HQTA Opinion at 4.

[6] *See id.*

[7] *See id.* at 5.

[8] Compl. ¶ 10.

[9] *See* Ex. 2, HQTA Opinion; Compl. ¶ 13.

3

against the Property. During that action, the Deed of Trust was assigned from Ocwen to RCS, then from RCS to Ditech, and finally from Ditech to SLS, all of whom serviced the Loan on Freddie Mac's behalf.[10]

On August 15, 2016—while actively prosecuting the HOA Quiet-Title Action—NNB quitclaimed its interest in the Property to Plaintiff.[11] Plaintiff alleges she cashed in her IRA and paid $75,000 to purchase the Property; however, her allegations are contrary to publicly available land records of which the Court may take judicial notice. The Quitclaim Deed was recorded the next day. According to the Quitclaim Deed, Plaintiff obtained the Property from NNB "for good consideration and for the sum of One Dollar USD ($1.00)."[12] Transfer tax of $714 was also paid.[13] After transferring its interest in the Property, NNB continued to prosecute the HOA Quiet-Title Action. NNB never moved to join or substitute Plaintiff into that case, nor did Plaintiff intervene. Significantly, neither NNB nor Plaintiff gave notice to that court, nor to the parties thereto, of this transfer of title to Plaintiff.

After becoming Freddie Mac's servicer on the Loan and taking a recorded assignment of the Deed of Trust, Ditech substituted in as a defendant and on July 25, 2016, and filed an answer and counterclaims. SLS then became the servicer, took an assignment of the Deed of Trust, and eventually moved for summary judgment, which NNB opposed.[14]

On July 9, 2020, after a hearing on the motion for summary judgment, the court (i) granted SLS's motion for summary judgment; (ii) entered judgment in favor of SLS "on its counterclaim for Quiet Title/Declaratory Relief against NNB"; (iii) entered

---

[10] *See* Ex. 2, HQTA Opinion, at 4–5.

[11] A true and correct copy of the Quitclaim Deed is attached hereto as Exhibit 3.

[12] *See* Ex. 3.

[13] *See id.* at 4; *see also* Compl. ¶ 8 (claiming, despite the Quitclaim stating consideration was only a dollar, that Plaintiff "cashed out her IRA to pay for the purchase of the Property").

[14] *See* Ex. 2, HQTA Opinion, at 7 (summarizing NNB's arguments).

1 judgment "against NNB on its claims for Quiet Title, Cancellation of Instruments, and
2 Injunctive Relief"; and (iv) ordered that the HOA's "non-judicial foreclosure sale of the
3 Property conducted on May 24, 2013 did not extinguish the Deed of Trust recorded
4 against the Property on July 30, 2007, . . . and the Deed of Trust remains a valid lien
5 upon, and continues to encumber, the Property, and NNB's interest in the Property, if
6 any, is subject to that Deed of Trust."[15]  That decision was recorded against the
7 Property on September 14, 2020.[16]  At that time, the Loan had been in default for years
8 and no one had assumed it or made any payments against the lien.

### III. Plaintiff's Previous Action Against SLS

On September 23, 2022, after SLS began foreclosure proceedings against the Property, Plaintiff sued SLS in this Court, claiming that SLS could not properly foreclose because Plaintiff purportedly qualified as a bona fide purchaser who took title without notice of judgment confirming the Deed of Trust's continued validity, purportedly making the Deed of Trust invalid as to her.[17]  Her bona fide purchaser argument was premised upon her not having received actual notice from NNB that there was a pending lawsuit or constructive notice as "[n]o lis pendens was recorded against the Property in connection with th[e] lawsuit."[18]  SLS responded that Plaintiff acquired title to the Property via the Quitclaim Deed and therefore took title with any and all encumbrances on NNB's title, whether known or unknown to Plaintiff.[19]  In response, Plaintiff emphasized that her quiet title claim was based, in part, on equity.[20] In support of her equitable claim to quiet title, she argued that "FHFA's agent counter-

---

[15] *See* Ex. 2, HQTA Opinion, at 11.

[16] *See id.* at 2.

[17] *See Estrada v. Specialized Loan Servicing, LLC, et al.*, No. 2:22-cv-01620 (D. Nev. Oct. 5, 2023)

[18] *See id.*, ECF No. 1 (the "Prior Complaint"), attached as Exhibit 4, at ¶¶ 13, 14.

[19] *See id.*, ECF No. 20 (Motion to Dismiss); ECF No. 22 (Motion to Expunge Lis Pendens).

[20] *See id.*, ECF No. 43 (Response to Motion to Expunge Lis Pendens) at 6 ("If there was ever a case where equity should intervene this is it.").

5

DMWEST #17703735 v1

claimed for quiet title years after Estrada purchased the Property and never named Estrada, an indispensable party, and likewise violated Nevada law by never recording a lis pendens."[21] The Court agreed with SLS, and on September 6, 2023, dismissed the case with prejudice.[22] Plaintiff took an appeal, which remains pending.[23]

### IV. Plaintiff's Allegations in the Current Action

After losing that case, Plaintiff sued NNB and Freddie Mac in state court.[24] Freddie Mac removed the case to this Court.

Plaintiff brings just one claim against Freddie Mac, for "violation of NRS 14.010"—the Nevada statute requiring recordation of a lis pendens when a pending action affects title or possession of real estate. Plaintiff alleges that the prior servicer, Ditech, was required to record a notice when it filed its answer and counterclaims in the HOA Quiet-Title Action and that Ditech was an "agent" of Freddie Mac at time, resting her claim against Freddie Mac on a theory of vicarious liability. (Compl. ¶ 38). Plaintiff's claim fails at the outset because even if Ditech was required to record a lis pendens when it answered and counterclaimed, that was _three years after_ Plaintiff obtained title to the Property from NNB by quitclaim deed. In a contrived attempt to overcome this temporal roadblock, Plaintiff alleges she was damaged by Ditech's failure to record a notice because three years after purchasing the Property she could

---

[21] *Id.*

[22] *Id.*, ECF No. 58.

[23] *See id.*, ECF No. 59 (notice of appeal).

[24] In July 2008, Congress passed the Housing and Economic Recovery Act of 2008 ("HERA"), Pub. L. No. 110-289, 122 Stat. 2654 (codified as 12 U.S.C. § 4511 *et seq.*), which established the Federal Housing Finance Agency ("FHFA") as an independent federal agency with regulatory authority over Freddie Mac. In HERA, Congress also empowered FHFA's Director to place FHFA-regulated entities into conservatorship in certain circumstances and granted FHFA an array of powers, privileges, and exemptions from otherwise applicable laws when acting as Conservator. 12 U.S.C. § 4617. On September 6, 2008, FHFA's Director exercised the authority granted under HERA and placed Fannie Mae into federal conservatorship, where it remains today, a fact that the Court may take judicial notice of. *See Bank of Am., N.A. v. T-Shack, Inc.*, No. 20-15627, 2021 WL 5823705, at *1 n.2 (9th Cir. Dec. 6, 2021) ("[T]he district court properly took judicial notice of the fact that Freddie Mac was in FHFA conservatorship.").

6

DMWEST #17703735 v1

1  somehow have unwound the transaction or taken other unidentified steps to mitigate
2  the damage that had already been done to her by NNB.  (Compl. ¶ 39).

## LEGAL STANDARD

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). "A complaint will not survive a motion to dismiss unless it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Karasek v. Regents of Univ. of Cal.*, 956 F.3d 1093, 1104 (9th Cir. 2020).  In ruling on a 12(b)(6) motion to dismiss, a court may consider "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). "[F]or a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).  Dismissal with prejudice is proper if "it is clear that the complaint could not be saved by any amendment." *Livid Holdings, Ltd. V. Solomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

## ARGUMENT

Plaintiff's claim against Freddie Mac fails as a matter of law for four independent reasons.  *First*, claim preclusion bars it, because Plaintiff could have brought it in her earlier action against a party with whom Freddie Mac shares a substantial identity of interests in relation to the claim.  *Second*, Plaintiff pleads a purported claim for which Nevada does not recognize a private right of action.  *Third*, absent time travel, Plaintiff cannot plausibly allege a causal connection between harm flowing from her purchase of the Property in 2016 and non-party Ditech's alleged failure to record a lis pendens *three years later*, in 2019.  *Fourth*, Plaintiff's claim depends on a servicer having been Freddie Mac's agent, but Freddie Mac's publicly

7

1 available and judicially noticeable servicing contract expressly provides that servicers
2 are *not* Freddie Mac's agents.

3 In the order of dismissal, the Court should include a finding that there is no just
4 reason to delay entry of final judgment and should direct the entry of a partial final
5 judgment in Freddie Mac's favor under Rule 54(b).  Freddie Mac should not have to
6 await resolution of Plaintiff's unrelated claims against NNB to get final resolution of
7 the precluded and legally untenable claim Plaintiff pled against Freddie Mac.

### I. The Court Should Dismiss Plaintiff's Claim Against Freddie Mac with Prejudice

#### A. Claim Preclusion Applies

Plaintiff already brought a lawsuit against SLS concerning Freddie Mac's and its servicers' interest in the Property; Plaintiff lost.  In that case, Plaintiff argued expressly that Freddie Mac's servicer failed to record a lis pendens in connection with the HOA Quiet-Title Action involving NNB.[25]  Plaintiff now transparently recycles that claim, alleging that Freddie Mac failed to properly record a lis pendens concerning the *same* interest in the *same* property in connection with the *same* litigation.[26]  Again, Plaintiff could and should have brought that claim in her first lawsuit.  Because Freddie Mac and SLS share a substantial identity of interest in relation to the claim, preclusion bars Plaintiff from asserting it here.

The purpose of claim preclusion "is to obtain finality by preventing a party from filing another suit that is based on the same set of facts that were present in the initial suit." *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1054, 194 P.3d 709, 712 (2008). Plaintiff's lawsuit against SLS was in federal court based upon diversity jurisdiction, so "federal law incorporates the rules of preclusion applied by the State in which the rendering court sits."[27]  *Taylor v. Sturgell*, 553 U.S. 880, 891 n.4 (2008).  Therefore, Nevada law of claim preclusion applies here.  *See Nationstar Mortg. LLC v. 4039*

---

[25] Ex. 4, Prior Complaint, ¶ 6.
[26] *Id.*
[27] *Id.*

8

DMWEST #17703735 v1

*Meadow Foxtail Dr. Tr.*, No. 20-15842, 2022 WL 17830002, at *1 (9th Cir. Dec. 21, 2022) (Mem.) (explaining that Nevada law regarding claim preclusion applies); *Wong v. Night Swim Lane Tr.*, No. 2:22-CV-01985, 2023 WL 3251770, at *1 (D. Nev. May 3, 2023) (same). The Nevada Supreme Court employs a three-part test for determining whether the doctrine of claim preclusion applies: (i) the parties or their privies are the same, (ii) the final judgment is valid, and (iii) the subsequent action is based on the same claims or any part of them that were *or could have been* brought in the first case." *Id.* (emphasis added).

Here, all three criteria are satisfied, and Plaintiff's claim against Freddie Mac is thus precluded by this Court's previous decision. First, Freddie Mac and SLS are in privity as there was "sufficient commonality of interest" between them. *Mendenhall v. Tassinari*, 133 Nev. 614, 618, 403 P.3d 364, 369 (2017). In her prior federal district court complaint, Plaintiff sought a "declaration that the Deed of Trust . . . is void/extinguished" premised upon the HOA Quiet-Title Action not being applicable as to her.[28] The instrument at issue there as well as here (and in the HOA Quiet-Title Action) is the Deed of Trust owned by Freddie Mac and of which SLS is beneficiary. The interest challenged in both prior actions was Freddie Mac's ownership interest, and SLS was authorized to defend Freddie Mac's interest. *See Nationstar Mortg., LLC v. SFR Invs. Pool 1, LLC*, 133 Nev. 247, 250, 396 P.3d 754, 757 (2017) ("A loan servicer administers a mortgage on behalf of the loan owner, and the rights and obligations of the loan servicer are typically established in a servicing agreement."); *see also Alcantara ex rel. Alcantara v. Wal-Mart Stores, Inc.*, 130 Nev. 252, 261, 321 P.3d 912, 918 (2014) (holding that there is privity where a non-party's interests are adequately represented by a party). Thus, Freddie Mac is sufficiently aligned with SLS with regard to the prior federal district court action that they are in privity for preclusion purposes. *See D'Haenens v. Fed. Nat. Mortg. Ass'n*, No. 2:11-CV-01432-GMN, 2012

---

[28] *Id.* at p. 4.

9

1    WL 2000691, at *3 (D. Nev. June 5, 2012) (holding that Fannie Mae is in privity with
2    its servicer for purposes of claim preclusion since the actions "related to the same
3    property and the same foreclosure proceedings").

4    Second, this Court dismissed Plaintiff's prior action against SLS with prejudice,
5    constituting a valid, final decision on the merits. *See Collins v. D.R. Horton, Inc.*, 505
6    F.3d 874, 882 (9th Cir. 2007) (explaining that, for preclusion purposes, a final judgment
7    remains final while pending appeal).

8    Finally, this action is based on claims that could have been brought in Plaintiff's
9    prior federal district court case. Assuming that Plaintiff's claim for "violation of NRS
10   14.010" is a valid claim (it is not), even though that claim was not raised in her prior
11   quiet-title action, this current action against Freddie Mac is based on precisely the
12   same facts and circumstances as that prior action against SLS. *See Five Star Capital*,
13   124 Nev. At 1058; *see also Golden Creek Holdings, Inc. v. Nationstar Mortg. LLC*, 489
14   P.3d 918, *1 (Nev. 2021) (unpublished disposition). Namely, in both actions, the same
15   claim is asserted—no lis pendens having been recorded on the same property.[29]

16   In the prior action, a foundational aspect of Plaintiff's claim was that she alleged
17   she had neither actual notice of the state court suit nor constructive notice, as "[n]o lis
18   pendens was recorded against the Property in connection with the lawsuit."[30] Her
19   argument was that, because she did not have notice, she was a bona fide purchaser,
20   the outcome of that suit did not apply to her, and a statute of limitations precluded
21   Freddie Mac's Deed of Trust from being enforced against her.[31] Indeed, in opposing
22   the motion to dismiss in that case, Plaintiff made clear that part of her equitable claim
23   for quiet title was based on the allegation that Ditech "counter-claimed for quiet title
24   years after Estrada purchased the Property and never named Estrada, an

---

[29] *Id.* ¶ 13 ("No lis pendens was recorded against the Property in connection with this lawsuit.").
[30] *Id.*
[31] *Id.* ¶¶ 21, 24, 32, 34.

BALLARD SPAHR LLP
1980 FESTIVAL PLAZA DRIVE, SUITE 900
LAS VEGAS, NEVADA 89135
(702) 471-7000 FAX (702) 471-7070

10

DMWEST #17703735 v1

indispensable party, and likewise violated Nevada law by never recording a lis pendens."[32] And that is the same action that she alleges harmed her here, only she seeks a different remedy: money damages, rather than quiet title. Plaintiff has failed to explain in her complaint any factual circumstance that has changed since she brought the prior action against SLS. *See Golden Creek Holdings*, 489 P.3d 918, *1.

Thus, claim preclusion applies, and Plaintiff should not be permitted to pursue this claim against Freddie Mac that is based on the same set of facts on which she has already lost.

### B. NRS 14.010 Does Not Provide a Private Cause of Action

Preclusion aside, Plaintiff's claim against Freddie Mac fails because Nevada does not recognize a private right of action for "violation of NRS 14.010." (Compl. ¶ 40). To determine whether a statute creates a private cause of action, courts are to give effect to the Nevada Legislature's intent and, to do so, a court "may look no further than any unambiguous, plain statutory language." *Richardson Const., Inc. v. Clark Cnty. Sch. Dist.*, 123 Nev. 61, 64, 156 P.3d 21, 23 (2007); *see also SFR Invs. Pool 1, LLC v. Wells Fargo Bank, N.A.*, No. 2:1C-CV-1153-APG-NJK, 2014 WL 1256065, at *2 (D. Nev. Mar. 26, 2014) (stating that Nevada rules of statutory construction are used to determine the meaning of a Nevada statute).

Courts vary in their descriptions of the statutory analysis, but "the determinative factor is always whether the Legislature intended to create a private judicial remedy." *Baldonado v. Wynn Las Vegas, LLC*, 124 Nev. 951, 958-59, 194 P.3d 96, 101 (2008). And "the absence of an express provision providing for a private cause of action to enforce a statutory right strongly suggests that the Legislature did not intend to create a privately enforceable judicial remedy." *Id.*

Here, the statute does not expressly create a private cause of action, and none can reasonably be inferred. Instead, NRS 14.010 provides a different consequence for

---
[32] *Id.* ¶ 6.

11

DMWEST #17703735 v1

failure to record a lis pendens, namely that the party who fails to record a lis pendens does not receive the protections of NRS 14.010's constructive notice provision. Or, stated differently, NRS 14.010 provides an automatic remedy for purchasers where a lis pendens is not recorded: The purchaser is not deemed to have constructive notice of the action affecting the property pursuant to NRS 14.010. *See W. Charleston Lofts I, LLC v. R & O Constr. Co.*, 915 F. Supp. 2d 1191, 1195 (D. Nev. 2013) (stating that "failure to file [a lis pendens pursuant to NRS 14.010] merely affects whether subsequent purchasers had actual or constructive notice").

Thus, there is no need for, and no indication the Legislature intended to create, a private right of action. *See Builders Ass'n of N. Nevada v. City of Reno*, 105 Nev. 368, 370, 776 P.2d 1234, 1235 (1989) ("If a statute expressly provides a remedy, courts should be cautious in reading other remedies into the statute."); *see also Meghrig v. KFC W., Inc.*, 516 U.S. 479, 488 (1996) ("It is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it." (citation omitted)).

### A.  Ditech's Alleged Violation of NRS 14.010 Could Not Have Harmed Plaintiff

Even if Plaintiff could establish that NRS 14.010 provides a private cause of action for monetary damages, which it does not, Plaintiff cannot plausibly allege that she was harmed by Ditech's non-filing of a lis pendens in the HOA Quiet-Title Action years after she purchased the Property by quitclaim. Plaintiff concedes that at the time Ditech filed an answer and counterclaims (and thus allegedly should have recorded a notice of lis pendens), she had already purchased the Property and had been living there for *three years*. (Compl. ¶ 20). Any damages suffered by Plaintiff resulting from her quitclaim purchase from NNB were caused only by NNB.

Although Plaintiff alleges that, had Ditech recorded a notice of lis pendens, she "could have unwound the transaction with [NNB] or taken any number of other steps to mitigate her damages or protect her interest" (Compl. ¶ 39), her claim against

12

Freddie Mac depends on the unstated premise that for some reason she cannot do so now. Plaintiff offers no support or explanation for this claim. Indeed, this premise is contradicted by the fact that Plaintiff named NNB as a defendant, and brings four claims against it, *in this very litigation*. Her actions are indicative of the fact that NNB would not have voluntarily agreed to unwind the transaction at any time before her filing of this lawsuit. And Plaintiff fails to allege that there is any remedy that she could have pursued against NNB had Ditech filed a lis pendens that is now foreclosed to her.[33]

Further, because Plaintiff purchased the Property from NNB three years *before* any alleged failure by Ditech to record a lis pendens, her claim that she was harmed by Ditech not recording a notice of lis pendens is not just implausible on its face, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), but is a temporal impossibility, *see Timoney v. Loughery*, 670 F. App'x 47, 49 (3d Cir. 2016) (affirming dismissal of tort claim against a defendant where the tort was alleged to have occurred at a location before the defendant even arrived at that location). Any damages Plaintiff may have suffered were caused by her purchase of the Property without knowledge or notice of the pending HOA Quiet-Title Action due to NNB's alleged failure to record a lis pendens.

Thus, Plaintiff has failed to plausibly allege that *Ditech's* failure to record a lis pendens pursuant to NRS 14.010—if such violation could possibly give rise to a private cause of action—was the proximate cause of any damage she may have suffered, and

---

[33] That Plaintiff would have earlier pursued a remedy against NNB had a lis pendens been recorded by Ditech, is belied by the fact that (i) judgment was recorded against the Property in September 2020, but it was not until February 2022 that Plaintiff became aware that the judgment had been recorded, and (ii) she waited another 18 months before pursing claims against NNB. *See* Ex. 4, Prior Complaint, ¶ 21. Indeed, Plaintiff appears to have made a tactical choice to delay filing her complaint in the first action, in hopes of contriving a statute of limitations issue. *See id.*; *see also* ECF No. 20 (Motion to Dismiss), at 17 (noting that, although Plaintiff alleges that she had actual notice in February 2022 she waited until September 2022 "just more than six years after Plaintiff took the quitclaim"—and after the statute of limitations that she alleged to have applied had run—to file her complaint). If the passage of time has somehow undermined Plaintiff's claim against NNB, Plaintiff cannot shift to Freddie Mac the blame for her own tactical decisions.

13

DMWEST #17703735 v1

her claim must be dismissed.

### B. Ditech Was Not Freddie Mac's Agent and Freddie Mac Cannot Be Liable for Ditech's Conduct

Even if NRS 14.010 provided a private right of action to seek monetary damages, and even if Ditech's actions could be shown to have caused cognizable harm to Plaintiff, Freddie Mac would still not be liable for such damages because Ditech was an independent contractor, not Freddie Mac's agent, and the contract specifically required Ditech to follow Nevada law. As a result, Freddie Mac cannot be liable for Ditech's alleged violation of Nevada law concerning a lis pendens.

Plaintiff alleges in her Complaint that "[u]pon information and belief, … Ditech … [was] acting as agent[] of Freddie Mac" and that "Freddie Mac as principal is responsible for its agent's, Ditech's conduct." (Comp. ¶¶ 22, 38). However, except for "information and belief," Plaintiff offers no facts to support her claim. Indeed, the claim that Ditech, as servicer for Freddie Mac is Freddie Mac's agent, conflicts with the express terms of Freddie Mac's publicly available Seller/Servicer Guide, which states "the Servicer contracts with Freddie Mac as an independent contractor to service Mortgages for Freddie Mac. The Servicer is not Freddie Mac's agent or assignee."[34] Plaintiff has alleged nothing to address this independent contractor status. *See Best v. Newrez LLC*, No. GJH-19-2331, 2020 WL 5513433, at *33 (D. Md. Sept. 11, 2020) (declining to consider whether there was an agency relationship between Fannie Mae and its servicer because plaintiff had failed to adequately allege the existence of an agency relationship between them).

The Guide also confirms that Freddie Mac specifically prohibits its contractors, including Ditech, from violating Nevada law–the Guide requires servicers to "comply

---

[34] *See* Freddie Mac Single-Family Seller/Servicer Guide, § 8101.10 (Mar. 2 2016) https://guide.freddiemac.com/app/guide/section/8101.10. The Court can and should take judicial notice of the Freddie Mac Single-Family Seller/Servicer Guide. *See Berezovsky v. Moniz*, 869 F.3d 923, 932 n.9 (9th Cir. 2017) (taking judicial notice of the guide); *Daisy Tr. v. Wells Fargo Bank, N.A.*, 135 Nev. 230, 234, 445 P.3d 846, 849 n.3 (2019) (same).

14

with all applicable, federal, State, and local laws[.]"[35]  Freddie Mac cannot be vicariously liable for an independent contractor's acts or omissions that the governing contract specifically forbids.  Therefore, Plaintiff fails to state a claim against Freddie Mac based upon Ditech's alleged violation of NRS 14.010.

Plaintiff's agency argument is futile in any event.  If the Court accepts *arguendo* Plaintiff's unwarranted assumption that Ditech was Freddie Mac's agent, then preclusion must apply and Plaintiff pleads herself out of having a claim.  *See Tobin v. Chiesi*, 511 P.3d 1043, at *3 (Nev. App. 2022) (holding that, for purposes of claim preclusion, a principal was in privity with its agent).

## V.   The Court Should Enter a Partial Final Judgment under Rule 54(b)

If the Court dismisses the claim against the Freddie Mac with prejudice, Freddie Mac respectfully requests that the Court also enter judgment in favor of Freddie Mac and to designate such judgment as final under FRCP 54(b).

Rule 54(b) provides that "[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  Here, even if Plaintiff's claims against NNB remain pending, there is no just reason for delaying a final judgment in favor of Freddie Mac.  All that will be left are Plaintiff's separate claims against NNB, which have nothing to do with Freddie Mac.  As a result, there is no danger that any later orders by this Court would implicate Freddie Mac, and thus no chance that future proceedings in this Court might result in duplicative appeals.

Freddie Mac seeks only to have the claim against it brought to final resolution as promptly as the rules allow.  If Plaintiff intends to appeal the dismissal of its claim against Freddie Mac, that should take place now in response to a final judgment.

---

[35] Freddie Mac Single-Family Seller/Servicer Guide, § 1301.2 (Aug. 14. 2019) https://guide.freddiemac.com/ci/okcsFattach/get/1006787_2.

15

Accordingly, entry of a final judgment under Rule 54(b) on Plaintiff's claim against Freddie Mac is warranted.

### CONCLUSION

The Court should dismiss Plaintiff's claim against Freddie Mac with prejudice in an order granting partial final judgment under Rule 54(b).

DATED this 6 day of November, 2023

BALLARD SPAHR LLP

By: /s/ Madeleine Coles
Joel E. Tasca
Nevada Bar No. 14124
Madeleine Coles
Nevada Bar No. 16216
1980 Festival Plaza Drive, Suite 900
Las Vegas, Nevada 89135

*Attorneys for Defendant Federal Home Loan Mortgage Corporation*

DMWEST #17703735 v1

## CERTIFICATE OF SERVICE

I hereby certify on this 6 day of November, 2023, that the aforementioned **DEFENDANT FEDERAL HOME LOAN MORTGAGE CORPORATION'S MOTION TO DISMISS PLAINTIFF'S CLAIM AGAINST IT AND FOR ENTRY OF PARTIAL FINAL JUDGMENT UNDER RULE 54(b)**, was electronically filed with the court and served on all parties in interest as listed below:

Karen Hanks
Nevada Bar No. 9578
HANKS LAW GROUP
7625 Dean Martin Drive, Suite 110
Las Vegas, Nevada 89139
(702) 758-8434
karen@hankslg.com
*Attorneys for Plaintiff*

/s/ M.K Carlton
Employee of BALLARD SPAHR LLP

17

DMWEST #17703735 v1