UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ELIZABETH ESTRADA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>FEDERAL HOME LOAN MORTGAGE CORP., *et al.*,<br><br>　　　　　Defendants. | Case No. 2:23-cv-01767-RFB-BNW<br><br>**ORDER** |

## I. INTRODUCTION

Before the Court are Defendant Federal Home Loan Mortgage Corporation's ("Freddie Mac") Motion to Dismiss and Plaintiff Estrada's Motion for Default Judgment as to Defendant Nevada New Builds. For the reasons stated below, the Court grants both motions.

## II. PROCEDURAL BACKGROUND

Plaintiff commenced this action by filing the Complaint in the Eighth Judicial District Court for the Clark County, Nevada on September 14, 2023. ECF No. 1-1. Plaintiff filed an Amended Complaint on September 20, 2023. Id. On November 6, 2023, Defendant Fannie Mae filed the instant Motion to Dismiss. ECF No. 4. The motion became fully briefed on January 9, 2024. ECF No. 28. On December 4, 2023, the Court granted the parties' Discovery Plan and Scheduling Order, which set a discovery cutoff date of May 6, 2024, and motions cutoff of June 5, 2024. Despite being served on November 2, 2024, New Builds has failed to defend or appear at all in this matter. Accordingly, Plaintiff filed a Motion for Entry of Clerk's Default against New

1  Builds on December 6, 2023. ECF No. 18. The Clerk entered default on December 21, 2023. ECF
2  No. 26. On February 7, 2024, the Court granted the parties' stipulation to stay discovery pending
3  the Court's ruling on Freddie Mac's Motion to Dismiss. On February 26, 2024, Plaintiff Estrada
4  filed the instant Motion for Default Judgment against Nevada New Build. A hearing on the motions
5  was held on July 9, 2024. This Order follows.

### III. FACTUAL ALLEGATIONS

The following facts are drawn from Plaintiff's Amended Complaint ("AC"), which the Court must accept as true.

This matter arises out of real property located at 4910 Macara Drive, Las Vegas, Nevada 89122. On August 16, 2016, Plaintiff Estrada acquired title to the property by way of a quitclaim deed from Defendant Nevada New Builds, LLC. Plaintiff is a low-income individual who cashed out her IRA to pay for the purchase of the property, with the intention of making it her retirement home. New Builds had itself acquired the property by way of quitclaim deed on April 9, 2015, from Sterling Silver Springs Homeowners Association. In turn, Sterling Springs had obtained title to the property after credit bidding at its foreclosure sale for unpaid assessments by the former homeowner.

At the time of the HOA foreclosure, a deed of trust was recorded against the property. Unbeknownst to Plaintiff, at the time she purchased the property from New Builds, New Builds had a pending complaint ("HOA Quiet Title Action") against Ocwen Loan Servicing, LLC, the then recorded beneficiary of the Deed of Trust. New Builds had commenced this action on May 21, 2015 in the Eighth Judicial District, Clark County, Nevada, but had failed to record a lis pendens against the Property in connection with the HOA Quiet Title Action as required by NRS 14.010. Four days before Plaintiff purchased the property, Ocwen filed a motion to dismiss the quiet title action. New Builds never informed Plaintiff that the property was the subject of a pending lawsuit or that Ocwen had filed a motion to dismiss in that lawsuit and the HOA Quiet Title Action continued after Plaintiff purchased the Property, without her knowledge or participation. Had New Builds complied with NRS 14.010, Estrada would have learned a quiet title action was pending, and that the beneficiary of the deed of trust contested New Build's quiet

title action. Plaintiff could have and would have avoided purchasing the Property.

On October 5, 2016, Residential Credit Solutions, Inc. ("RCS") was substituted in as Defendant over Ocwen and filed an answer to New Builds' complaint, but did not cross-claim or otherwise seek to join Plaintiff as a party despite the fact that, by this date, Plaintiff was the title owner of the Property. Ditech Financial, LLC ("Ditech") was then substituted in as defendant on October 14, 2019. As with RCS, Ditech filed an answer and counterclaim against New Builds and other parties, but, again, failed to file a cross-claim or seek to join Plaintiff as party despite the fact that, by this date, the Plaintiff had owned the subject property for over three years. Had Ditech complied with NRS 14.010, Plaintiff could have unwound the transaction with New Builds or taken any number of other steps to mitigate her damages or protect her interest. On May 18, 2020, Specialized Loan Servicing, LLC ("Specialized") was substituted in as defendant. Ocwen, RCS, Ditech, and Specialized were acting as agents of Freddie Mac.

Unbeknownst to Plaintiff, on August 12, 2020, judgment was entered in favor of Specialized and against New Builds based on the federal foreclosure bar. On September 14, 2020, the judgment was recorded against the Property, however, Plaintiff did not have actual notice of this until her pro bono counsel researched the recorder's website on or around February 2022. Nevertheless, the earliest date Plaintiff had constructive notice was September 14, 2020. Based on the judgment, the Association sale occurred on January 3, 2014. At no time after January 3, 2014, to the present, did Specialized or any of its predecessors in interest file a quiet title action/claim against Plaintiff.

On or around July 2022, Specialized, again an acting agent for Freddie Mac, recorded a Notice of Breach and Default and Election to Cause Sale of Real Property Under Deed of Trust against the Property. As a result, Plaintiff filed a quiet title action in federal court against Specialized arguing that Servicing had no authority to assert the Deed of Trust as against Plaintiff because it failed to timely file a quiet title action against Plaintiff within HERA's six-year statute of limitations. On September 6, 2023, the federal court dismissed Plaintiff's complaint finding that, because Plaintiff acquired title via quitclaim deed, she took title to the Property with any and all encumbrances that New Build had on its title, regardless of whether she had knowledge of it.

### IV.   LEGAL STANDARD

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

### V.   DISCUSSION

In reviewing the motions pending before it, the Court takes judicial notice of relevant recorded documents as they are "matters of public record." Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir.2001) (internal quotations omitted); see generally NRS § 52.085 (allowing parties to obtain a copy of a document from a county recorder's office to authenticate the writing).

#### A.  Motion To Dismiss

Defendant Freddie Mac argues that Plaintiff's sole claim against it under NRS 14.010 should be dismissed because it is claim precluded, NRS 14.010 does not provide a private right action for money damages, Plaintiff has failed to allege that Freddie Mac caused her harm, and Ditech is not Freddie Mac's agent. Although the Court concludes that Plaintiff's claim is not

precluded, the Court nonetheless grants the motion to dismiss because it does not find that the Legislature intended to imply a private right of action as to Plaintiff under the circumstances of this case.

### i. Claim Preclusion

"A federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City School Dist. Bd. Of Educ., 465 U.S. 75, 81 (1984). The Court therefore looks to Nevada law to determine the preclusive effect. Under Nevada law, courts apply a three-part test for determining whether claim preclusion should apply: (1) the parties or their privies are the same, (2) the final judgment is valid, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case. Five Star Cap. Corp. v. Ruby, 194 P.3d 709, 713 (Nev. 2008). In Nevada, "all claims 'based on the same facts and alleged wrongful conduct' that were or could have been brought in the first proceeding are subject to claim preclusion." Alcantara ex rel. Alcantara v. Wal-Mart Stores, Inc., 321 P.3d 912, 915 (2014). The Court finds that elements one and two are satisfied. But Plaintiff's quiet title action is not the same as—or could have been encompassed by—Plaintiff's claim for damages under NRS 14.010 in the instant action.

In her initial lawsuit, Plaintiff brought a quiet title claim against Specialized. Plaintiff alleged that Specialized was barred from asserting its title to the property under the six-year statutory limitation period set forth in HERA. According to Plaintiff's complaint, the statute of limitations period began to run on either the date of the HOA foreclosure sale, January 3, 2014, or from the date Plaintiff became titleholder in August 2016. Because neither Specialized or any of its predecessors filed a quiet title action or counterclaimed against Plaintiff within this timeframe, the deed of trust was purportedly extinguished.

The Court finds that Plaintiff's claim in the instant case is barred by claim preclusion. While Plaintiff seeks to distinguish the set of facts in this case from those of her earlier case, the Court is unpersuaded. The set of facts involving the earlier case are an essential part of the facts in this case, and together they involve the same larger set of facts regarding title to the disputed

property here. Plaintiff could have brought the instant claim in her earlier suit but chose not to do so.

The Court is unconvinced by Plaintiff's argument that her claim was somehow not "ripe" until after the first case had been decided. As Defendant correctly notes, Plaintiff could have made the instant claim in the alternative in her pleadings. She chose not to do so. She cannot now set forth a claim that she could have asserted in her earlier case. Wal-Mart Stores, Inc., 130 Nev. at 915. The Court dismisses Plaintiff's claim against Freddie Mac based upon preclusion.

### ii. Implied Remedies against Freddie Mac

The Court further finds that there is no implied right of action under state law for Plaintiff's claim.

Where a statute does not expressly provide a private right of action, it may, nevertheless support an implied right of action if the Legislature intended that a private right of action may be implied. Neville v. Eighth Judicial Dist. Court, 406 P.3d 499, 502 (Nev. 2017). To determine the Legislature's intent, a court considers "(1) whether the plaintiffs are of the class for whose special benefit the statute was enacted; (2) whether the legislative history indicates any intention to create or deny a private remedy; and (3) whether implying such a remedy is consistent with the underlying purposes of the legislative scheme." Baldonado v. Wynn Las Vegas, LLC, 194 P.3d 96, 101 (Nev. 2008) (cleaned up) (addressing factors set forth by the Supreme Court in Cort v. Ash, 422 U.S. 66, 78 (1975)).

Plaintiff has failed to demonstrate that the Legislature intended to create an implied right of actions for money damages. First, Plaintiff identifies no legislative history, let alone any such history that would support a finding of legislative intention to imply a private money damages remedy for violations of NRS 14.010. Though the statute need not expressly provide a private right of action, "the critical factor is still whether the Legislature intended to sanction a private right of action." Freeman Expositions, LLC v. Eighth Judicial Dist. Court, 520 P.3d 803, 808 (Nev. 2022) (citing Transamerica Mortg. Advisors, Inc. v. Lewis, 444 U.S. 11, 15-16, 20 (1979) (concluding that whether a private remedy exists ultimately rests with legislative intent)). Plaintiff's failure to identify any legislative history to support her implied right for money damages strongly counsels

against finding such a remedy.

Second, implying a damages remedy against Freddie Mac would also be inconsistent with the scheme's underlying purpose. NRS 14.010(1) permits a party to an "action . . . affecting the title or possession of real property" to record a "notice of the pendency of the action," commonly referred to as a "lis pendens." Tahican, LLC v. Eighth Jud. Dist. Ct. in & for Cnty. of Clark, 523 P.3d 550, 551 (Nev. 2023), as amended (Feb. 9, 2023). A lis pendens serves those who are recording a lis pendens, as "the purpose of a lis pendens is 'to prevent the transfer or loss' of the real property while the dispute involving the property is ongoing." Tahican v. Eighth Jud. Dist. Ct., 523 P.3d 550, 554 (Nev. 2023). It also serves as constructive notice to potential purchasers or lenders that the real property described in the lis pendens is the subject of a pending lawsuit." Id. at 553. Plaintiff's claim against Freddie Mac is based on Freddie Mac's failure, through its agent, Ditech, to file a notice of lis pendens of the HOA Quiet Title Action. But Plaintiff admits that at the time Ditech filed an answer and counterclaim in October 2019, and thus should have recorded a notice of lis pendens, she had already owned the property for three years. Implying a damages remedy against Freddie Mac would not serve the statute's underlying purpose where Plaintiff does not fall into either category of intended statutory beneficiaries with respect to Freddie Mac.

Plaintiff has failed to show that the Legislature intended to create a private damages remedy for individuals such as herself in light of the facts of this case. The Court therefore declines to read an implied money damages action into the statute.

For similar reasons, the Court concludes that to the extent an equitable claim may arise from NRS 14.010, implying a private right of action for remedy in equity as against Freddie Mac under these circumstances would be inconsistent with the purpose of the statute. As noted, the statute serves to protect the individual who is making the recording, as well as potential purchasers or encumbrancers, from any harm that would result from the taking the property without notice of a competing interest. Here, Ditech's failure to act in 2019 had no impact on the notice or lack of notice to Plaintiff when she was a potential purchaser of the property in 2015 and 2016.

Because the Court declines to find an implied money damages or equitable remedy private action under the facts of this case, the Court grants Freddie Mac's motion and dismisses Plaintiff's

sole claim against Freddie Mac.

## B. Motion for Default Judgment

The granting of a default judgment is a two-step process directed by Rule 55 of the Federal Rules of Civil Procedure. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an entry of default, which must be made by the clerk following "a showing, by affidavit or otherwise, that the party against whom the judgment is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).

The second step is entry of a default judgment under Rule 55(b). For an entry of default judgment, either the clerk enters judgment (only where the plaintiff's claim is for a certain sum or where a sum can be made certain by computation), see Fed. R. Civ. P. 55(b)(1), or the party must apply to the Court for default judgment, see Fed. R. Civ. P. 55(b)(2). Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel, 782 F.2d at 1471-72.

If an entry of default is made, the court accepts all well-pleaded factual allegations in the complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007). Additionally, the Court does not accept factual allegations relating to the amount of damages as true. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). Default establishes a party's liability, but not the amount of damages claimed in the pleading. Id.

"The district court's decision whether to enter a default judgment is a discretionary one." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). A district court does not abuse its discretion in declining to enter default judgment where the movant's substantive claims lack merit. Id. The second and third Eitel factors are generally viewed as the most important and require the allegations in the pleading to state a claim upon which plaintiff can recover. See Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978).

The first and sixth factors favor granting default judgment. Despite being served on November 2, 2024, New Builds has failed to defend or appear at all in this matter. New Builds's failure to appear for over six months prejudices Plaintiff by preventing her from recovering the damages to her resulting from New Builds's misrepresentations to her about the property. New Builds's failure to appear in this matter also demonstrates the lack of excusable neglect. And while the seventh factor generally counsels against the granting of default judgment, New Builds's failure to appear prevents the Court from determining the claims on their merits.

The Court next examines the merits of the substantive claims and sufficiency of the Complaint. Plaintiff seeks default judgment on each of her claims against New Builds. The Court finds that the second and third Eitel factors, the merits of the substantive claims and the sufficiency of the complaint, respectively, favor judgment for Plaintiff on some but not all her claims.

### i. NRS 14.010

At the outset, the Court concludes that Plaintiff is not entitled to default judgment on her second cause of action because, as discussed above, there is no implied money damages action in NRS 14.010 and any potential claim that Plaintiff has in equity would not lie against Freddie Mac under the facts and circumstances of this case. The Court now turns to the remaining three causes of action.

### ii. NRS 113.130

Under NRS Chapter 113, residential property sellers are required to disclose any defects to buyers within a specified time before the property is conveyed. Nelson v. Heer, 163 P.3d 420, 425 (Nev. 2007). NRS 113.100 defines "[d]efect" as "a condition that materially affects the value or use of residential property in an adverse manner." Id. "The purchaser is entitled to recover from the seller treble the amount necessary to repair or replace the defective part of the property, together with court costs and reasonable attorney's fees." NRS § 113.150. The statute generally applies to physical defects such as water damage or infestations. Plaintiff asserts this cause of action under a novel theory: the pendency of the "HOA Quiet Title Action" constituted a "defect" within the meaning of the statute because the Property was encumbered by the Deed of Trust and this affected the "value" and "use" of the Property.

"Where the state's highest court has not decided an issue, the task of the federal courts is to predict how the state high court would resolve it." Giles v. Gen. Motors Acceptance Corp., 494 F.3d 865, 872 (9th Cir. 2007). Though the Nevada Supreme Court has never ruled on a case where the failure to disclose a "HOA Quiet Title Action" was deemed to be a breach of NRS 113.130, the Nevada Supreme Court—in nine unpublished opinions—has consistently rejected the argument that the "encumbrance by a deed of trust" constitutes a "defect" or "condition" within the meaning of NRS 113.130. See e.g., Saticoy Bay LLC Series 10007 Liberty View v. S. Terrace Homeowners Ass'n, 484 P.3d 276 (Nev. 2021); Saticoy Bay, LLC Series 1330 Crystal Hill v. Tripoly at Stephanie Homeowners Ass'n, 482 P.3d 699 (Nev. 2021); Saticoy Bay, LLC, Series 9157 Desirable v. Tapestry at Town Ctr. Homeowners Ass'n, 480 P.3d 266 (Nev. 2021).[1]

In relevant part, the Nevada Supreme Court explained in each of these cases that "NRS 113.100 defines '[d]efect' as 'a condition that materially affects the value or use of residential property in an adverse manner.' To the extent that a deed of trust could conceivably constitute a 'condition,' we note that the subject property technically has the same 'value' regardless of whether it is encumbered by the deed of trust." Saticoy Bay, LLC, Series 9157 Desirable v. Tapestry at Town Ctr. Homeowners Ass'n, 480 P.3d 266 (Nev. 2021). Each of the above-cited cases illustrates the Nevada Supreme Court's view that a condition within the meaning of the statute must lower the value of the property generally. It is not enough that the condition decreases the value only as to the person who is unaware of the deed of trust.

Plaintiff, like the plaintiff in Saticoy, is asserting that the property's "defect" and "condition" is that it is subject to a deed of trust of which she had no prior knowledge. But, as with each of the Saticoy cases, the property here "technically has the same 'value' regardless of whether it is encumbered by the deed of trust." The Court finds that the Nevada Supreme Court has provided clear guidance as to how it would rule on Plaintiff's claim and concludes based on the

---

[1] See also Saticoy Bay LLC Series 3237 Perching Bird v. Aliante Master Ass'n, 480 P.3d 836 (Nev. 2021); Saticoy Bay, LLC, Series 8920 El Diablo v. Silverstone Ranch Cmty. Ass'n, 473 P.3d 1045 (Nev. 2020); Saticoy Bay, LLC, Series 3123 Inlet Bay v. Genevieve Ct. Homeowners Ass'n, Inc., 473 P.3d 1046 (Nev. 2020); Saticoy Bay, LLC, Series 3123 Inlet Bay v. Genevieve Ct. Homeowners Ass'n, Inc., 473 P.3d 1046 (Nev. 2020); Saticoy Bay, LLC, Series 8320 Bermuda Beach v. S. Shores Cmty. Ass'n, 473 P.3d 1046 (Nev. 2020).

1 available precedent that Plaintiff has not brought a cognizable claim under NRS 113.330. The
2 Court's finding strongly counsels against awarding default judgment on his first cause of action
3 and therefore the Court denies Plaintiff's motion with respect to her first cause of action.

### iii. Intentional Misrepresentation

Intentional misrepresentation requires: (1) a false representation that is made with either knowledge or belief that it is false or without a sufficient foundation, (2) an intent to induce another's reliance, and (3) damages that result from this reliance. Nelson v. Heer, 163 P.3d 420, 426 (Nev. 2007). The suppression or omission "of a material fact which a party is bound in good faith to disclose is equivalent to a false representation, since it constitutes an indirect representation that such fact does not exist." Id. at 426 (internal quotations and citations omitted). Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard for claims alleging fraud or misrepresentation. In order to sufficiently plead these claims, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

Plaintiff alleges the following in support of this claim: New Builds made a false representation in that it suppressed or omitted to inform Plaintiff that a quiet title action for the Property was pending and that the beneficiary disputed the quiet title claim. New Builds knew or believed its representation was false because it filed the action, knew it was pending, and knew the beneficiary had filed a motion to dismiss contesting the quiet title claim. New Builds intended to induce Plaintiff to act upon said representation. By omitting this material fact, New Builds intended for Plaintiff to purchase the Property at a profit to New Builds. Plaintiff justifiably relied on New Builds' representation, and the recorded records gave no indication the representation was false. Plaintiff suffered damages from this reliance because, had New Builds disclosed this information, Plaintiff could have and would have avoided purchasing the Property.

The Court finds, accepting these supported allegations as true, there are sufficient facts to support a finding in favor of Plaintiff against Defendant Nevada New Builds on the intentional misrepresentation claim. Specifically, it is undisputed that New Builds had notice of the Quiet Title Action that it initiated and Ocwen's Motion to Dismiss in advance of Plaintiff taking title to the property. New Build's failure to disclose these material facts that it was bound to a disclose

amounts to a false representation. The Court therefore grants Plaintiff's motion with respect to her intentional misrepresentation claim.

### iv. Negligent Misrepresentation

Under Nevada law, negligent misrepresentation requires that Defendants (1) "in the course of [their] business, profession or employment, or in any other action in which [they] have a pecuniary interest, [(2)] supplie[d] false information [(3)] for the guidance of others in their business transactions" and (4) caused pecuniary loss (5) by the plaintiff's "justifiable reliance upon the information," (6) if Defendants "fail[ed] to exercise reasonable care or competence in obtaining or communicating the information." Barmettler v. Reno Air, Inc., 956 P.2d 1382, 1387 (Nev. 1998). The Rule 9 heightened pleading standard also applies to claims of negligent misrepresentation and, as with "intentional misrepresentation," the omission or suppression of a material fact which the party is bound in good faith to disclose is equivalent to a false representation. See Noonan v. Bayview Loan Servicing, LLC, 438 P.3d 335 (2019).

Plaintiff alleges the following in support of her negligent misrepresentation claim: New Builds had a pecuniary interest in the transaction of selling the property to Plaintiff, and New Builds failed to communicate information which materially impacted the property—that there was a pending quiet title action and that the beneficiary of the deed of trust disputed the quiet title claim. Plaintiff justifiably relied on the information New Builds provided and, because New Builds likewise failed to record a lis pendens, Plaintiff had no way to know that New Builds failed to communicate material information regarding the property.

The Court finds, accepting these supported allegations as true, there are sufficient facts to support a finding in favor of Plaintiff against Defendant Nevada New Builds on the negligent misrepresentation claim.

### v. Damages

The Court does not accept factual allegations relating to the amount of damages as true, and while default establishes a party's liability, it does not establish the amount of damages claimed in the pleading. Geddes, 559 F.2d at 560. The damages alleged "must be proximately caused by reliance on the original misrepresentation or omission."

1    The Court finds that Plaintiff has submitted credible evidence, including Exhibit 1-A (Loan
2    Payoff Statement) and Exhibit 1 (Declaration by Karen Hanks) which attests that Freddie Mac's
3    counsel provided Ms. Hanks with this statement as part of the stipulation to stay discovery.
4    According to the Loan Payoff statement, the total amount due as of February 16, 2024 is
5    $447,449.25. At the motion hearing, the Court permitted Counsel for Plaintiff to file a supplement
6    with the revised outstanding amount due as of August 30, 2024. Plaintiff's supplement, filed on
7    August 8, 2024, provides a revised amount $467,696.10. This is required to discharge the debt on
8    the property that is owed to Specialized Loan Servicing/Freddie Mac. If Plaintiff does not pay, she
9    will lose the property. ECF No. 39. These damages were a foreseeable result of the
10   misrepresentations.

## VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Freddie Mac's Motion to Dismiss (ECF No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment (ECF No. 35) against Defendant Nevada New Builds is **GRANTED** in part.

**IT IS ORDERED, ADJUDGED AND DECREED** that Defendant, New Builds, LLC., shall pay $467,696.10, which is the amount required to discharge the debt as of August 30, 2024.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant, New Builds, LLC shall pay $44,129.12 in pre-judgment interest.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that post-judgment interest at the rate of 10.5% shall accrue until the judgment is paid in full.

**DATED:** September 29, 2024

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**